IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Arthur Snead,<br>(Defendant/Petitioner) | § | |
| | § | |
| v. | § | CIVIL ACTION NO: _____ |
| David L. Winn, Warden,<br>United States of America,<br>(Respondents) | §<br><br>§ | |

---

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 USC §2241

---

**COMES NOW**, Petitioner Arthur Snead, (hereinafter:"Petitioner") pursuant to <u>inter alia</u> 28 USC §2241 (c)(3); **Strickland v. Washington**, 466 U.S. 668, 104 S.Ct. 2052 (1984); **Tejeda v. Dubois**, 142 F.3d 18 (1st Cir.1998); **Thomas v. Louisianna**, 379 U.S. 466; **United States v. McDermott**, 245 F.3d 133 (2d Cir.2001); **United States v. Gigante**, 989 F.Supp. 436 (E.D.N.Y. 1998); F.R.Cr.P. rule 52; **Wainwright v. Sykes**, 433 U.S. 72, 91, 97 S.Ct. 2597 (1977); and **Murray v. Carrier**, 477 U.S. 478, 106 S.Ct. 2678 (1986).

I.                        INTRODUCTION

1.   Petitioner Arthur Snead is a 73 year old man incarcerated at the Federal Medical Center located at Fort Devens Massachusetts.

1.

Petitioner is classified as chronic-care and geriatric suffering from a multitude of debilitating physical as well as mental pathology.

2. Petitioner was convicted in 1989 for allegedly robbing four banks and one count of conspiracy to rob those four banks. Petitioner now brings this habeas action in the custodial court challenging his convictions as unconstitutional and the corresponding execution of said infirm judgments. infra.

3. There being a number of viable constitutional claims alleged by petitioner, and as a sickly pro se petitioner, it is humbly requested that this court exercise patience in reviewing this petition.

II.                           CASE HISTORY

4. Petitioner was indicted in the District of Pennsylvania and proceded to trial on (15) counts of armed bank robbery, (15) counts of unarmed bank robbery, (1) conspiracy count and (1) possession of a firearm count.

5. The government utterly failed in their duty to prove that petitioner Arthur Snead committed those crimes alleged with the jury (1st Trial) returning mixed verdicts on the indictment finding petitioner not guilty as to 90% of the alleged offenses. Petitioner was convicted soley on the firearm count at the first trial, acquitted on all (15) counts of armed bank robbery (18 USC §2113(d)); acquitted on (11) of the (15) counts of generic bank robbery

(18 USC § 2113 (a)), and the jury not reaching a verdict (hung) on the remaining (4) counts of simple bank robbery and the (1) count of conspiracy alleged in all counts.

6.  The government elected to retry petitioner on all (5) hung counts and following an unconstitutional variance in the presentation of the material evidence during the second trial, petitioner was convicted on the remaining (5) outstanding counts.

7.  Petitioner is incarcerated under these convictions and will establish the unconstitutionality of such convictions, infra.

III.         JURISDICTIONAL STATEMENT

8.  Habeas corpus petitions must be filed in the federal district in which the petitioner is confined. Petitioner is challenging the constitutional validity of his conviction. 28 USC § 2241 (a) permits: "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions ..." Id.  Being illegally held in the federal facility in Ayer, Massachusetts, petitioner is properly before his custodial court under §2241.

IV.         POINTS AND AUTHORITIES IN SUPPORT OF
            § 2241 PETITION

a.  **The Trial Court Committed Plain Error When It Permitted
    The Jury To Convict On False and Misleading Evidence:**

9. During the second trial of petitioner, the government presented false and contrived evidence which was designed to convict petitioner on the evidence that the first jury rejected. The district court's furtherance of such evidence resulted in plain error and must now be reversed.

10. because the subsequent jury heard an inconsistent factual basis from which to deliberate, petitioner's constitutional rights were violated. The government changed the evidence and legal theory that failed in the first trial and presented the second jury with a false and unsupportable theory in the second trial in order to convict petitioner. The district court aggravated the structural taint by instructing the second jury using erroneous and fraudulent facts as to the evidence in the case.

11. These changes in the structure of the evidence between the first trial and the second trial were clearly impermissable, <u>depriving petitioner</u> of a fair second trial. See e.g. **Thomas v. Louisiana**, 379 U.S. 466 ----

> "From these principles emerges the requirement
> that the prosecutor not pursue wholly inconsist-
> ent theories of a case at separate trials.",

also see **Haynes v. Cupp**, 827 F.2d 435, 439 (9th Cir.1987)(same). Indicative of the government's chicanery are the following occurrences transpiring over the course of time between the first and second trials:

----- "And I suggest to you what number two means is that the evidence in this case has shown you overwhelmingly that the fifteen robberies committeed between July 1988 and February 22, 1989, <u>were committed</u> by two men and they were committed by the <u>same two men</u> .."

AUSA Lee's summation contiued:

----- "....that the two men who committed those robberies are the same two men who are in this courtroom here today, <u>Arthur Snead</u> and Robert Brant." pg. 13, L. 17-19 <u>supra.</u>,

the jury rejected the evidence.

**Second Prosecution Theory**: at an evidentiary hearing in February of 1992 and during the process of the re-trial on the (15) hung counts of the first trial, AUSA Lee boldly participates in misconduct. See N.Tr. at 104 wherein Mr. Lee deliberately misstates not only the material evidence but also goes outside the law of the case.

----- "As I said before, we changed our strategy so as to be not inconsistent with the earlier verdict, not to contend ---- to contend that Mr. Snead was a conspirator to these robberies ---- <u>not to contend he was a direct participant</u>." (emphasis added).

12. These inconsistent statements conclusively establish that AUSA Lee contrived and deliberately changed his evidentiary theory between the two trials that resulted in an outcome determinative guilty finding on the (5) previously hung counts. The structural manipulation of those evidentiary facts was clearly prejudicial as the second jury reached a verdict that the first jury could not.

5.

13. Other substantive changes made by the government that clearly prejudiced petitioner are:

----- (First Trial) AUSA Lee presents evidence that petitioner was a direct participant in all (15) bank jobs as the "getaway driver". Outcome: acquitted on all (15) counts.

----- (Second Trial) AUSA Lee now claims petitioner was simply a "coconspirator" with no direct involvement in the robberies.

14. Also during the second trial, the government revealed evidence that other individuals were involved in the crimes alleged during the first prosecution. This would establish the government withholding exculpatory evidence in violation of seminal Supreme Court authority, accord: **Brady v. Maryland**, 373 U.S. 83 (1963); **Giglio v. United States**, 405 U.S. 150(1972); e.g. **Kyles v. Whitley**, 514 U.S. 419 (1995), and effectively undermining petitioner's constitutional right to an affirmative defense. At no time during the government's case in chief at the first trial was there any indication that the government possessed in it's files information linking other suspects as being involved in the (15) robberies, or, the conspiracy. (See supra, N.Tr. 8/29/89, pg. 6. L.5):

> "And I suggest to you that what number two maens is that the evidence in this case has shown you overwhelmingly that the (15) robberies .... were committed by two men and they were committed by the same two men ----that the two who committed those robberies are .... Arthur Snead and Robert Brant." Id.,

This habeas court, however, must decide to what degree the change

6.

in theory and inconsistent conduct on behalf of the government violated petitioner's bed-rock constitutional rights. The prejudice is manifest.

N.Tr. 11/15/89, pg.5. L.1, second trial opening statement:

**AUSA Lee:** "Arthur Snead is charged with three charges. He is charged first with conspiracy to commit armed robbery. The conspiracy he is charged with is to all (15) of the bank robberies. The government will present evidence to show you that Arthur Snead and a man named Robert Brant cased other banks, surveilled other banks in 'antiic-ipation of sending someone else to rob them'" (emphasis added).

This constituted a "wholly inconsistent theory" such as that held to be forbidden by the Supreme Court in Thomas, supra, and poisoned petitioner's second jury. The court, knowing this was an ambush refused to take charge, intervene and declare a mistrial. Defense counsel, in wholesale violation of his duties stood back and let the government manipulate and falsify the evidence as it was presented during the first trial. This habeas court must issue the writ and conduct hearings into this profound misconduct. Misstatements of fact foster plain error, that reversible error is presumed.

> "Misstatements of fact constitute misconduct and is 'plain error' and mandated reversal when the prosecutor was AUSA when the misstatement is about information he is presumed to know.",

**United States v. Santa-Camacho**, 833 F.2d (2d Cir.1987); but also see, e.g. McDermott, 245 F.3d (2d Cir. 2001) supra, (variance between conspiracy charged and proof at trial).

7.

15. Finally, as to the claims of evidentiary variance and impermissable alternative theories, petitioner can establish multiple, and cumulative violations.

----- petitioner went from getaway driver in the first trial, to an indirect co-conspirator in the second trial.

----- the government argued in the second trial that petitioner was "not .... there", and were advancing conspiracy theories that required them to lie to the second jury that petitioner's "nonpresence at the banks" (see N.Tr. 11/15/89, pg. 32).

----- further misrepresenting the material facts at the second trial by telling the jury that:

> "You will however, hear other witnesses describe how Arthur Snead .... cased other banks, surveilled other banks, drove around other banks in anticipation of sending someone else to rob them." (Id. at pgs. 6-7, supra.),

ofcourse no such witnesses ever testified, however, this fabricated change of theory was presented because the evidence in the first trial of Arthur Snead "participating" in the robberies was wholly rejected by the first jury.

The district court actually committed plain error when he vouched for the erroneous and false alternative theory in the second trial. (See N.Tr. 11/21/89, pgs. 125-26). In charging the jury the district court furthered the prejudicial taint by rendering a clear and prejudicial opinion on the evidence.

----- "... if you the jury should find beyond a reasonable doubt from the evidence ..... that the accused did willfully commit robbery as charged ...." --- "strike that....";

8.

petitioner had already been acquitted of any such conduct in the first trial. Then the district court affective compels the second jury to convict when he stated:

".... in that regard, ladies and gentlemen, its <u>been suggested</u> by the government ... as I understand their argument is that the defendant was a participant in the planning of other robberies, <u>other than</u> those for which he is on trial here today."

Exception should be taken by this court that these statements, (couched in the manner they were) were fatal and conclusively contributed to the jury's finding of guilt.

16. It is indisputable, as shown above, that both judge and prosecution collectively contributed to this miscarriage of justice. They stepped beyond their respective authority by changing evidentiary theories from one trial to the other in so doing, tainting the subsequent jury to convict on the earlier hung counts.

The law of the land remains:

"The Double Jeopardy Clause provides three fundamental protections; it protects against a second prosecution for the same offense after acquital. It protects against a second prosecution for the same offense after conviction. And, it protects against multiple punishment foe the same offense. The same offense encompasses both the offense charged and any lesser offense included therein. <u>Thus</u>, an acquital of a greater offense precludes a subsequent prosecution for a lesser offense." See: **United States v. Ball**,

9.

163 U.S. 662, 670, 16 S. Ct. 1192 (1896). The government was estopped from the re-trial because Snead was acquitted of the greater offense of the overarching conspiracy in the first trial. See **United States v. Garcia**, 78 F.3d 1517 (11th Cir.1996)(Acquital for knowingly conspiring barred a second prosecution for the substantive crime); also compare: **United States v. Downer**, 143 F.3d 819 (4th Cir.1998) (Court's substitution of conviction for lesser offense, after reversal, violated Ex Post Facto Clause <u>and</u> Grand Jury Clause). The petitioner could not overcome the multitude of structural errors occurring during the course of the second trial.

b.    Judicial Estoppel Controls:

17. Petitioner avers that the doctrine of judicial estoppel was violated, and false convictions were attained on the hung counts as a result. Judicial estoppel is:

> "The doctrine that prevents a party from asserting a position in a legal proceeding that is contrary to a position taken ..... in the same or some earlier legal proceeding.",

**United States v. McCaskey**, 9 F.3d 368 (5th Cir.1993).

c. Due Process Mandates Reversal:

18. These wanton and cumulative structural theory changes violated due process. The Constitution barred the actions of the government as shown, <u>supra</u>. To gain a conviction at the expense of a

man's life and liberty defies compulsory process and plainly shocks the conscience. With such actions gone unchecked by defense counsel, surely they were intended to taint the second jury in the prosecutions favor. "Due process requires that the trial judge's actions never reach the point where it appears clear to the jury that the court believes the accused is guilty. Trial judge must control the trial so that it is fair and orderly." <u>United States v. Price</u>, 13 F.3d 711 (3rd Cir.2000).

d.  **Petitioner Was Abandoned By defense Counsel During The Second Trial Rendering His Assistance Constructively Ineffective Under The Sixth Amendment:**

19. Constructively, petitioner was denied counsel in violation of his Sixth Amendment Rights. Compare <u>Gideon v. Wainwright</u>, 83 S.Ct. 804-05 (1963) with <u>Johnson v Zerbst</u>, 304 U.S. 458 (1938),

> "....the assistance of counsel is one of the safeguards of the Sixth Amendment deemed necessary to ensure fundamental human rights of life and liberty." <u>Id</u>.

defense counsel in the instant matter was wholly ineffective. The presiding judge misled the jury into believing petitioner was the actual robber knowing he had earlier been acquitted while defense counsel sat by the side absent any strategic decision to correct the error. See <u>Hall v. Washington</u>, 106 F.3d 742 (7th Cir.1997) (Counsel's "total Failure" to prepare) and <u>Patrasso v. Nelson</u>, 121 F.3d 305 (7th Cir. 1997)(Presuming prejudice under <u>Cronic</u> for failure to make any effort in defense of client). There can be little

11.

doubt that had counsel defended the petitioner to what was reasonably expected of him by objecting to the court's vouching for the second inconsistent theory and the prosecution's misconduct by pursuing inconsistent theories, the subsequent jury would not have convicted on the same evidence the first jury failed to convict on. Counsel abandoned his client, petitioner Snead, at a most critical portion during the second trial. For example: if defense counsel informed the jury as he did a very biased court that;

> "....But at no time throughout the course of this case, thats from the inception of the superceding indictment being brought has the government <u>ever</u> intended or <u>ever</u> said that anyone other than Mr. Brant and Mr. Snead committed these robberies. And it was Mr. Brant that went into the banks. It was Mr. Snead that drove cars. They did that throughout the entire trial. They were <u>very</u> <u>unsuccessful</u> and I believe it is a sham for them to be permitted to come to another jury and all of a sudden start alleging other people and other persons went into these banks." <u>Id</u>. N.Tr. 11/15/89, pg. 34, L. 12.

The controlling authority is clear on this legal point of extraneous prejudice, e.g. **United States v. Lloyd**, 269 F.3d 228 (3rd Cir. 2000):

> "A new trial is warranted if the defendant likely suffered substantial prejudice as a result of the jury's exposure to extraneous information."

V.             <u>INEFFECTIVE ASSISTANCE OF COUNSEL</u>

20. As established above, petitioner has shown that his court

12.

appointed counsel's representation fell measurably below that expected. A very central issue is that of abandonment at critical periods during the second jury trial on the (5) hung counts as discussed above. In fact, the district court acknowledged "concern" about both estoppel and double jeopardy but failed to exercise the required authority and dismiss the case. Defense counsel fumbled the ball by not effectively arguing for his client's rights. See N.Tr.11/14/89, pg. 30. L.3:

**The Court**: I am a little concerned about that, collateral estoppel, double jeopardy issue, we were discussing at the outset of this proceeding which is why I didn't go into it."

**AUSA Lee**: I understand, I am certainly not asking that the jury be informed it was alleged in the indictment that Mr. Snead participated in the robberies. But I think it is fair to tell them that those robberies, the commission of those robberies are alleged to be part of the conspiracy."

**The Court**: Very well, I'll cover it but not as you suggest. Anything further?

**Defense Counsel**: I have nothing else.

Here again, defense counsel abandoned his client. Collateral estoppel was never raised again. Yet, as the record clearly shows, it was the most important issue in the whole case. Abandoning the issue tends to show defense counsel was under pressure.

> "As applied in criminal cases, the doctrine of collateral estoppel bars not only re-prosecutions, including multiple or fragmented prosecutions, but also evidence of crimes of which the defendant had been acquitted in prior prosecutions." **United States v. Keller**, 624 F.2d (3rd Cir.1980).

Petitioner contends his position is similar to Keller, supra,

therefore, "he further contends the district court abused it's discretion in admitting at re-trial the evidence because it was virtually irrelevant and since it led to an acquittal, an hence, was far more prejudicial than probative", and therefore petitioner also contends his attorney, the prosecutor and the court could not possibly have been so out of touch with the doctrine of collateral estoppel as they appeared to be and should have duly recognized its importance to the issues and its relationship to the prosecution.

Being that petitioner was acquitted on the greater offense, (15 counts of armed bank robbery) it does appear, according to the above authority, petitioner should not have been re-tried on the lesser offenses that the first jury could not reach verdicts on.

24. As to inconsistent theories, few court's have addressed this area of law, "but the principles it invokes are well established. Due process requires a fair trial in a fair tribunal. <u>Turner v. Louisiana</u>, 379 U.S. 466 (1965). The prosecutor represents the State, and that representation entails not only attention to the interests of the victim and survivors, but also to society's interest in the fairness of criminal justiceadministration. <u>Brady</u>, <u>supra</u>. A prosecutor may not treat a defendant in a amnner that undermines society's confidence in the fairness of this process." <u>Id</u>. <u>supra</u>.

VI.     THE HABEAS COURT SHOULD ALSO CONSIDER PETITIONER'S
                        FAILING HEALTH

25. The Guidelines, while intended to ensure "a more honest, uniform, equitable, proportional, and therefore effective sentencing system", **U.S.S.G. Ch. 1, Pt. A (3)** <u>must</u> <u>not</u> be interpreted as eliminating judicial sentencing discretion. See e.g. <u>Koon v. United States</u>, 518 U.S. 81, 92, 116 S.Ct. 2035 (1996). In the instant matter, incapacitation is not an important factor. First, the defendant is a 73 year old man with a documented panoply of serious medical pathology that includes advanced Alzheimers Desease and requires a constant <u>Companion</u> (Orderly) throughout the day; has suffered 5 heart attacks; has been incarcerated since 1989 (15 years); is the father of two daughters and one son, and must take medication three time per day to mitigate his pathology.

Third, at his current age and deteriorating health issues, it does not appear that long term incarceration is necessary to ensure that the defendant does not re-enter a life of crime. Since his arrival at the Medical facility he has steadily declined in overall health.

26. Despite the firmness of the Guidelines, a sentencing court should still independently judge each and every defendant before it, while fully protecting the community. This responsibility can never bee wholly mechanistic. At every sentencing proceeding, the trial judge must:

> " ... struggle with assessing whether an offender is beginning or ending a criminal career, appears to be harmless, .... or ... will not offend again."

Daniel J. Freed, **Federal Sentencing In The Wake Of Guidelines:, Unacceptable Limits On The Discretion Of Sentencers**, 101 Yale L.J. 1681, 1728 (1992); Note, Some Reflections On Seven Years of Guideline Sentencing, 8 Fed. Sent. Rep. 12, 12 (July/August 1995)(There exists a "duty to provide individualized justice. Every person has a right to be treated as an individual and to know that he or she has been so treated.").

27. In sum, this case represents one in need of compassion, and very well (when that sum is balanced) may be outside the "heartland" of the Guidelines. In Koon, supra, the Supreme Court found that if "....there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines, departure is appropriate. **United States v. Gigante**, 989 F.Supp. 436, 442 (E.D.N.Y. 1998) citing and quoting U.S.S.G. Ch. 1, Part A Intro. Commemtary 4 (b). It is common for a sentencing court, and is permitted, to take account of age and frailty. U.S.S.G. §§ 5H.1. and %H1.4; see **United States v. Rioux,** 97 F.3d 648 (2d Cir.1996)(medical conditions); **United States v. Baron**, 914 F. Supp. 660, 662-65 (D.Mass. 1995)(elderly and infirm defendant). But compare **United States v. LiButti**, 1994 WL 774647 at 10 (D.N.J. Dec. 23, 1994)(Defendant's combination of physical ... conditions present a situation in which prison life may be significantly harder to endure.) As made clear by these cases and others, in appropriate circumstances the strict framework of the guidelines may be tempered by compassion. **United States v. Kloda**, 133 F.Supp. 2d.

16.

345, 349 (S.D.N.Y. 2001). It is unlikely that society would object to Mr. Snead's being placed on home confinement for the remainder of any term if this court were to vacate the unconstitutional conviction and judgement.

## CONCLUSION

No citizen of the United States should have been tried and convicted in the manner that Arthur Snead was. The cumulative effect of the errors in procedure and the neglect of counsel in sum scream out for this Writ of Habeas Corpus to be granted.

**WHEREFORE**, Arthur Snead, petitioner herein prays for all equitable relief this Court may deem appropriate.

Submitted This 25 Day of August, 2004:

Respectfully submitted;

_____ 40542-066
Mr. Arthur Snead, #
FMC Devens
P.O. Box 879
Ayer, MA  01432

**This Document Prepared By:**

W.L. Ferreira, PLS/LA
Ayer, Massachusetts
August 23, 2004

17.

# PROOF OF SERVICE

I, Arthur Snead_____, certify that on August 25, 2004____,
200___ I mailed a copy of this document and all attachments via First Class mail to the following parties **at the addresses listed below:**

Original and Two Copies:    Office Of The Clerk
                            H.D. Donohue Federal Building &
                            United States Courthouse
                            595 Main Street
                            Worcester, MA   01608


# PROOF OF SERVICE FOR INCARCERATED LITIGANTS

In addition to the above Proof of service, all litigants who are currently incarcerated should include the following statement with all documents to be filed with the court:

I certify that this document was given to officials[1] on this date for forwarding to the United States District Court for the District of Massachusetts_____. I further certify under penalty of perjury that the forgoing is true and correct. **Title 28 U.S.C. § 1746.**


Respectfully submitted this ___25___ day of August_____, 2004_.

                                            _Arthur Snead_____
                                            Name: Arthur Snead
                                            Number: 40542-066
                                            FMC Devens, Unit  P-3
                                            P.O. Box 879
                                            Ayer, Massachusetts 01432

---

[1] Pleadings by prisoners who represent themselves are to be considered filed at the moment such pleadings are delivered to prison authorities for forwarding to clerk. **Houston v Lack.** 487 U.S. 266 (1988).

18.