```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
_____
                              )
ARTHUR SNEAD                  )
                              )
     v.                       )    Civil No.  04-40174-JLT
                              )
DAVID L. WINN, WARDEN,        )
                              )
           RESPONDENT.        )
_____)
```

**OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS
UNDER 28 U.S.C. § 2241 AND MOTION TO DISMISS**

The government respectfully opposes Petitioner Arthur Snead's ("Petitioner") Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241.

**BACKGROUND AND PROCEDURAL POSTURE**

In 1989, Petitioner and a codefendant, Robert Brant, were indicted for conspiracy to commit armed bank robbery and twelve (12) counts of bank robbery.  Petitioner was also charged with being a felon in possession of a firearm.  At trial, he was found guilty of the firearms charge, acquitted of nine of the 12 bank robberies, and the jury deadlocked on the three remaining bank-robbery charges and the conspiracy charge.  Petitioner was tried a second time and was found guilty of the latter charges.  In February 1990, he was sentenced to 20 years on the bank robberies, five years on the conspiracy charge, and life imprisonment on the firearms charge, to run concurrently.  He was also fined $500,000, ordered to pay $309,593 in restitution and

to pay a $200 special assessment.  Snead v. Warden, F.C.I. Allenwood, 110 F. Supp.2d 350, 351 (M.D. Pa. 2000), aff'd, 262 F.3d 404 (3rd Cir. 2001).

Petitioner took a direct appeal which was denied.  U.S. v. Brant, 914 F.2d 245 (3rd Cir. 1990)(Table); 919 F.2d 732 (Table); 919 F.2d 733 (Table), cert. denied, 499 U.S. 982, 111 S.Ct. 1637 (1991).  He then filed a motion pursuant to 28 U.S.C. § 2255, the substance of which claimed ineffective assistance of counsel, and that the government had changed its theory of prosecution between the first and second trials.  United States v. Brant, 1993 WL 313369 at *5 - *6. (E.D. Pa. July 30, 1993).  His appeal of that denial was rejected, see 27 F.3d 559 (3rd Cir.1994)(table), and so was his attempt at certiorari review in the Supreme Court.  See Brant v. United States, 513 U.S. 909, 115 S.Ct. 278 (1994).  Summarized in Snead v. Warden, F.C.I. Allenwood, 110 F. Supp.2d at 351.

An online review of the searchable dockets of the United States District Courts for the Eastern and Middle Districts of Pennsylvania indicates that Petitioner has filed not less than seven (7) habeas corpus or related actions following his conviction and direct appeal.  These include: Snead et al. v. Kalmbach et al., 1992 WL 365500, (Civ. No. 92-06414-JF)(E.D. Pa. Nov. 30, 1992)(a civil Bivens action filed against the trial judge, the prosecuting Assistant United States Attorney, several

defense lawyers and a number of special agents of the F.B.I, filed on Nov. 6, 1992 and dismissed on Dec. 20, 1993); Snead et al. v. United States, Civ. No. 95-01466-RG (E.D. Pa.) (a § 2255 action filed on March 10, 1995 and dismissed on March 13, 1995); Snead v. United States, Civ. No. 95-06022-RG (E.D. Pa.) (a § 2255 action filed on September 25, 1995 and dismissed on March 18, 1996), cert. denied, 522 U.S. 1097, 118 S.Ct. 895 (1998); Snead v. United States, Civ. No. 97-03998-RG (E.D. Pa.)(a § 2255 action filed on June 12, 1997 and dismissed on March 18, 1998); Snead v. United States, Civ. No. 98-00212-WWC-EC (M.D. Pa.) (a § 2241 action filed on Feb. 10, 1998 and dismissed on Feb. 18, 1998 with a notation that no certificate of appealability should issue); Snead v. United States, Civ. No. 99-02181-WWC-EC (M.D. Pa.)(a § 2241 action filed on Dec. 20, 1999 and dismissed on Aug. 30, 2000; appeal dismissed on May 22, 2001; and Snead v. United States, Civ. No. 01-03874-BWK (E.D. Pa.) (a § 2255 action filed on July 31, 2001 and dismissed on Nov. 30, 2001).[1]

Petitioner is currently incarcerated at the Federal Medical Center Devens in Ayer, Massachusetts. The current petition was filed on August 30, 2004. In the petitioner's Claim for Relief (Section 16 at page 6 of the Petition), Petitioner seeks this

---

[1] In addition to the above-referenced civil matters, in early 1995, in the context of the original criminal case, Petitioner moved the trial judge to recuse himself. That motion was denied on March 10, 1995. See United States v. Snead, 1995 WL 118214 (E.D. Pa. Mar. 10, 1995).

Court to "Vacate Judgment and Conviction and grant new trial. Or, alternatively, any relief the court deems appropriate".

In his supporting Memorandum (the "Memorandum"), Petitioner claims that "The Trial Court Committed Plain Error When It Permitted The Jury To Convict On False And Misleading Evidence." Memorandum at 3-4.  Petitioner goes on to detail alleged prosecutorial and judicial misconduct resulting from alleged false testimony submitted by the government during the course of Petitioner's second trial.  Memorandum at 3-9.  Petitioner also claims ineffective assistance of counsel during the second trial. Memorandum at 11-14.  These matters these are matters directly related to the conviction and sentence, not to the execution of the sentence.  Further, they have previously been addressed in Petitioner's habeas corpus and <u>Bivens</u> cases of the United States District Courts in Pennsylvania.  Those prior actions have resulted in affirmations of the jury's verdict and Petitioner's conviction following the second trial, and the District Courts' decisions have been upheld on appeal, with denials of certiorari.

Defendant also requests that given his advanced age and poor health, the Court should release him from custody, suggesting that the sentencing court did not consider these factors at the time of sentencing.  Petitioner does not, however, attack the execution of his sentence.

## ARGUMENT

**A.   THIS COURT LACKS JURISDICTION TO CONSIDER THE PETITION**

The Petition suffers from fundamental defects.  Petitioner's claims relate to purported constitutional violations in his conviction and are therefore cognizable only under 28 U.S.C. § 2255.  Because any § 2255 claim must be brought in the sentencing court, that is, the Eastern District of Pennsylvania, there is no jurisdictional basis for this Court to even consider Petitioner's petition.   That Petitioner styles his filing a § 2241 petition does not alter this requirement.  "A defendant whose argument ... is that he has new evidence of a constitutional violation or other ground of collateral attack is making a motion under § 2255 (or § 2254) no matter what caption he puts on the document."  United States v. Evans, 224 F.3d 670, 674 (7th Cir. 2000).

A petition for a writ of habeas corpus under 28 U.S.C. § 2241 is appropriate "where petitioner challenges the effect of events 'subsequent' to his sentence."  Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976).  Section 2241 claims are thus distinct from those available under section 2255 (which involve the validity of a sentence or the conviction pursuant to which it was imposed).  The First Circuit had recognized these differences, compare United States v. Barrett, 178 F.3d 34, 50 n.10 (1st Cir. 1999) ("Federal prisoners are permitted to use § 2241 to attack

the execution, rather than the validity, of their sentences. . . .") with United States v. DiRusso, 535 F.2d 673, 674-76 (1st Cir. 1976) (28 U.S.C. § 2255 grants jurisdiction over post-conviction claims attacking the "imposition or illegality of the sentence"), and has held that section 2241 petitions that in fact state section 2255 claims must be dismissed.  Barrett, 178 F.3d at 38 (a prisoner cannot "evade the restrictions of Section 2255 by resort to the habeas statute, 28 U.S.C. S 2241"). Accord, Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998) (dismissing section 2241 petition that stated claim under section 2255); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. 1981) ("[a]ttacks on the underlying validity of a conviction must be brought under 28 U.S.C. S 2255, not 28 U.S.C. S 2241(c)); Ojo v. INS, 106 F.3d 680, 681 (5th Cir. 1997)(errors that occurred before sentencing must be addressed in a section 2255 petition filed in the sentencing court); Bradshaw v. Story, 86 F.3d 164, 166(10th Cir. 1996) ("habeas corpus is not an additional, alternative, or supplemental remedy to the relief afforded by motion in the sentencing court under section 2255).

Application of these principles here demonstrates that Petitioner's petition states only claims under section 2255 that can be heard only by the sentencing court.  Nothing in the Petition relates to the execution of the Petitioner's sentence as opposed to the constitutionality of the procedures pursuant to

which Petitioner was convicted.  Nothing relates to decisions made by the Bureau of Prisons regarding the length or nature of his incarceration pursuant to his 1990 judgment of conviction. Because his only claims attack the constitutionality of the proceedings that produced that judgment in the first place, the Petition fails to state a cognizable claim under section 2241. See generally U.S. v. White, 53 F.Supp.2d 976, 978 (W.D. Tenn 1999)("habeas 'execution' of sentence claims deal with B.O.P. decisions regarding the calculation of sentence credits, the ministerial calculation of the dates of release or completion of the sentence, and other issues unrelated to the validity of the conviction or sentence itself....").

    Recognizing all this, Petitioner may be claiming that his petition is cognizable because he no longer has a viable 2255 claim and that section 2255 would therefor be "inadequate or ineffective."  See Sustache-Rivera v. U.S., 221 F.3d 8 (1st Cir. 2000)(savings clause applies if "the remedy [under Section 2255] is inadequate or ineffective to test the legality of [a petitioner's] detention.").  The grounds for any such alleged inadequacy here, however, are nothing more than the fact that any section 2255 claim is time barred and is successive to other claims advanced on direct appeal and in prior section 2255 and section 2241 litigation.  This argument fails because the procedural limitations applicable to section 2255 claims cannot

be circumvented merely by bringing a claim under section 2241. E.g., Barrett, 178 F.3d at 38 (a prisoner cannot "evade the restrictions of Section 2255 by resort to ... 28 U.S.C. S 2241"); In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (en banc ) ("[T]he remedy afforded by section 2255 is not rendered inadequate or ineffective ... because an individual is procedurally barred from filing a section 2255 motion."); Triestman v. United States, 124 F.3d 361, 376 (2nd Cir. 1997)(If any prisoner prevented from bringing a section  2255 petition could, without more, establish that he is entitled to petition for a writ of habeas corpus under section  2241(c)(3), "then Congress would have accomplished nothing at all in its attempts - through statutes like the AEDPA -- to place limits on federal collateral review"); Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999)("[W]e agree with the district court that the mere fact Caravalho is precluded from filing a second Section 2255 petition does not establish that the remedy in Section 2255 is inadequate."); In re Davenport, 147 F.3d 605, 609-10 (7th Cir. 1998) (Section 2255 limitation on filing successive motions does not render it an inadequate remedy).

## **CONCLUSION**

Based on the foregoing, the government requests that the Petition be summarily dismissed because it is a time barred, successive 28 U.S.C. § 2255 claim over which this Court lacks

jurisdiction.

          Respectfully submitted,

          MICHAEL J. SULLIVAN
          United States Attorney


     By: /s/ Gregory Moffatt
       GREGORY MOFFATT
       Assistant U.S. Attorney
       One Courthouse Square
       Boston, MA 02210
       (617) 748-3370

**CERTIFICATE OF SERVICE**

 This is to certify that I have on this 22nd day of September, 2004, served upon Petitioner Arthur Snead, #40542-066, FMC Devens, P.O. Box 879, Ayer, Massachusetts 01432, a copy of the foregoing document by United States mail.


          /s/ Gregory Moffatt
          GREGORY MOFFATT