IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

------------------------------

ARTHUR SNEAD, SR.,          :
    Petitioner
                           :

    v.                      :   Civil Action NO. 04-40174-JLT

                            :
DAVID L. WINN, Warden
    Respondent             :

------------------------------

## MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS UNDER татье 28, U.S.C. §2241

Respondent David L. Winn, Warden of Federal Medical Center, Devens, by and through Michael J. Sullivan, United States Attorney, District of Massachusetts, and Mark J. Balthazard, Assistant United States Attorney, hereby moves to dismiss Petitioner's Writ of Habeas Corpus Under Title 28, U.S.C. §2241.

    A.    <u>Relevant Procedural History</u>

The following facts are drawn from: 1) Snead's current petition: 2) the trial court's decision denying Snead's first habeas claim filed under 28 U.S.C. §2251, <u>United States v. Brant</u>, 1993 WL 313369 (E.D. Pa. 1993), <u>aff'd</u> 27 F.3d 559 (3rd Cir. 1994); and 3) the district court's decision denying his second habeas filed under 28 U.S.C. §2241, <u>Snead v. Warden</u>, 110 F.Supp. 2d 350 (M.D. Pa. 2000), <u>aff'd</u> 262 F.3d 404 (3rd Cir. 2001).

1

In 1989, Snead and a codefendant, Robert Brant, were indicted for conspiracy to commit armed bank robbery and 12 counts of bank robbery. Snead v. Warden, 110 F.Supp. at 351. Snead was also charged with being a felon in possession of a firearm. Id. At trial, he was found guilty of the firearms charge, acquitted of nine of the 12 bank robberies, and the jury deadlocked on the three remaining bank-robbery charges and the conspiracy charge. Id. Snead was tried a second time and was found guilty of the latter charges. Id. In February 1990, he was sentenced to 20 years on the bank robberies, five years on the conspiracy charge, and life imprisonment on the firearms charge, to run concurrently. Id. He was also fined $500,000, ordered to pay $309,593 in restitution and to pay a $200 special assessment. Id. Snead took a direct appeal which was denied. Id.

Snead then filed a §2255 motion attacking the validity of his conviction. Id. As in the present petition, Snead argued that the government impermissibly changed its theory of the case between the two trials, and that his trial attorney was constitutionally ineffective. United States v. Brant, 1993 WL 313369 (E.D. Pa. 1993). In 1993, after a four-day evidentiary hearing, the trial court denied that motion. Id.

In 1999, Snead filed a second habeas petition, this time under §2241, in the Middle District of Pennsylvania, where he was

then incarcerated. Snead v. Warden, 110 F.Supp. at 351. The district court held that Snead's §2241 petition was procedurally improper because, as an attack on the validity of his conviction and sentence, it should have been brought under §2255 and, since Snead had previously filed a §2255 petition, a second required permission from the Third Circuit Court of Appeals. Id. at 353. The district court's denial of Snead's §2241 petition was affirmed by the Court of Appeals. 262 F.3d 404 (3rd Cir. 2001).

Snead now appears to be incarcerated in the district of Massachusetts. In this, his third habeas petition, he primarily reasserts the several attacks on his conviction which were decided against him by the trial court in 1993.[1] Snead has raised them in a §2241 petition, apparently in a bid to get around the restrictions against filing multiple §2255 petitions.

B.  Argument

Snead's petition for relief pursuant to 28 U.S.C. §2241 should be dismissed because this Court lacks jurisdiction to entertain a collateral attack on his conviction or sentence pursuant to 28 U.S.C. §2241 or any other statute. Habeas corpus relief as provided by 28 U.S.C. §2241 is available for a federal prisoner only where he is challenging the execution of his sentence as contrasted with the imposition of the sentence or the

---

[1] Snead also apparently seeks a reduction of his sentence based on a claim of deteriorating health. Snead has cited no authority for this Court to grant such relief.

3

substance underlying the imposition. Courts have repeatedly held that federal prisoners may use 28 U.S.C. §2241 "to attack [only] the execution, rather than the validity, of their sentences." United States v. Barrett, 178 F.3d 34, 50 n.10 (1st Cir. 1999), cert. denied, 528 U.S. 1176 (2000); accord Valona v. United States, 138 F.3d 693, 694 (7th Cir. 1998) (domain of 28 U.S.C. §2241 is motions "concerning the execution but not the validity of the conviction and sentence -- for example, a motion contending that the prison unlawfully deprived a prisoner of good time credits, or that parole officials unconstitutionally denied an application for release").

A federal prisoner who seeks to attack the validity of his sentence or conviction must rely on 28 U.S.C. §2255 and must file the motion in the court of conviction. See United States v. DiRusso, 535 F.2d 673, 674-76 (1st Cir. 1976) (petition pursuant to 28 U.S.C. §2255 is proper way to attack the "imposition or illegality of the sentence"); accord Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.) ("Attacks on the underlying validity of a conviction must be brought under 28 U.S.C. §2255, not 28 U.S.C. §2241(c)"), cert. denied, 452 U.S. 920 (1981); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996) ("The exclusive remedy for testing the validity of a judgment and sentence . . . is that provided for in 28 U.S.C. §2255.") (internal quotation marks omitted; citation omitted). Section 2241 claims are distinct

4

from those cognizable under 28 U.S.C. §2255; thus, habeas corpus under §2241 "is not an additional, alternative, or supplemental remedy to the relief afforded by motion in the sentencing court under §2255." <u>Williams v. United States</u>, 323 F.2d 672 (10th Cir. 1963) (per curiam).

In 1996, Congress amended §2255, requiring an inmate who wants to file a "second or successive" §2255 motion to seek permission or "certification" from the appropriate Court of Appeals, namely the Court of Appeals for the circuit encompassing the sentencing district. 28 U.S.C. §2255¶8. The First Circuit has held that the "prior approval provision allocates subject-matter jurisdiction to the Court of Appeals by stripping the district court of jurisdiction over a second or successive habeas petition unless and until the Court of Appeals has decreed that it may go forward. . . . This statutory directive means that a district court, faced with an unapproved second or successive habeas petition, must either dismiss it . . . or transfer it to the appropriate Court of Appeals." <u>Pratt v. United States</u>, 129 F.3d 54, 57 (1st Cir. 1997). Without more, the above authority disposes of all of the arguments raised in Snead's petition, and requires that the Court dismiss it for lack of jurisdiction.

Snead has not argued that the savings clause of §2255 permits him to proceed under §2241 as a means of seeking relief, even though he is not in any bona fide way challenging the

execution of his sentence. Nor could he do so.

The "savings clause" of §2255 provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him or that such court has denied him relief, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention</u>.

(Emphasis added). Section 2255 does not become "inadequate or ineffective" merely because a prisoner cannot meet the procedural requirements for relief under §2255. See, e.g., Barrett, 178 F.3d at 50 (noting that such a result would make Congress's AEDPA amendment of §2255 "a meaningless gesture"); In re Davenport, 147 F.3d 605, 609-10 (7th Cir. 1998) (that limitations imposed by AEDPA on §2255 prevent prisoner from obtaining relief under that section does not render remedy inadequate such that he may turn to §2241: "That can't be right; it would nullify the limitations"); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997) (§2255 not "inadequate or ineffective" because petitioner is unable to meet "stringent gatekeeping requirements" imposed by AEDPA on §2255); Triestman v. United States, 124 F.3d 361, 376 (2d Cir. 1997) (if prisoner prevented from bringing §2255 petition could, without more, establish entitlement to §2241 petition, "then Congress would have accomplished nothing at all in its attempts - through statutes like the AEDPA - to place limits on federal collateral review").

6

Snead does not fall within that limited set of circumstances in which the courts of appeals, including the First Circuit, have found §2255's remedy inadequate or ineffective so as to permit application under §2241. See Barrett, 178 F.3d at 51-53 (agreeing with other courts that "habeas corpus relief under §2241 remains available for federal prisoners in limited circumstances," but finding it "unnecessary to articulate those circumstances precisely"). While the First Circuit, following the Second, Third, and Seventh Circuits in Triestman, 124 F.3d at 377-378, Dorsainvil, 119 F.3d at 251-252, and Davenport, 147 F.3d at 609-610, has held that a claim of "actual innocence" may make the provisions of §2255 inadequate or ineffective and thereby enable a petitioner to use §2241 to raise his claim (Barrett, 178 F.3d at 52-53), it is very clear that "actual innocence" means "factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). Here, Snead is not actually innocent (nor does he claim factual innocence) of the charges on which he was convicted.[2]

C.  Conclusion

Snead's petition fails to meet the considerable burden of

---

[2] The trial court noted, for example, the "overwhelming self-incriminating documentary evidence" seized from Snead, including "his personal exhortatory writings on the psychic and economic virtues of robbing banks and his thoughtfully amassed ledgers of the proceeds of his sundry stick-ups . . . " 1993 WL 313369.

establishing that his §2255 claims should be considered in this jurisdiction under §2241. Snead's issues can only properly be raised in a §2255 motion, which would of necessity be styled as a successive §2255 motion. Such a successive motion would require certification by a panel of the appropriate court of appeals to contain newly discovered evidence that proves the movant's innocence or "a new rule of Constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." It is clear that a prisoner "cannot evade the restrictions of §2255 by resort to the habeas statute, 28 U.S.C. §2241." Barrett, 178 F.3d at 38. Jurisdiction does not lie in the district of incarceration and Snead's petition should be dismissed.

                                  Respectfully submitted,

                                  MICHAEL J. SULLIVAN
                                  United States Attorney
By: _____
                                  MARK J. BALTHAZARD
                                  Assistant U.S. Attorney

Date: October 12, 2004

### CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2004, I caused a copy of the above to be served on the Petitioner by causing it to be mailed first class mail, postage prepaid, to Arthur Snead, Number 40542-066, FMC Devens, Unit P-3, P.O. Box 879, Ayer, Massachusetts 01432.

                                  _____
                                  MARK J. BALTHAZARD
                                  Assistant U.S. Attorney